**Opinion filed September 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00142-CV

_____

## IN RE COMMITMENT OF J.A.A.

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR26572**

### MEMORANDUM OPINION

J.A.A. (Appellant) was arrested and later indicted for the offense of indecency with a child by contact. That indictment remains pending, and the State has been unable to proceed to trial because Appellant has been determined to be incompetent to stand trial. The trial court ultimately entered a civil commitment order, and Appellant filed this appeal from that order. We vacate the trial court's order and remand the cause to the trial court.

### Background Facts

Appellant allegedly committed the offense of indecency with a child by contact on November 22, 2018, in Brown County while he was out on bond after

allegedly committing a similar offense in Midland County. The trial court in Brown County subsequently determined that Appellant was incompetent to stand trial for the indicted offense, and it entered temporary commitment orders. The trial court first ordered that Appellant be committed to an inpatient facility for a period not to exceed 120 days; the purpose of this commitment was for Appellant to attain competency to stand trial for the pending criminal charges against him. The trial court subsequently extended the commitment period by 60 days. During the 60-day extension, Appellant filed an emergency motion for release, citing the spread of COVID-19. The trial court held a hearing on Appellant's emergency motion.

Toward the end of that hearing, the trial court noted that the 60-day extension period was about to expire and that the court needed to act because it was not prepared to release Appellant. The trial court took judicial notice of the contents of the entire court file and determined that Appellant was a danger to himself and others and that he "needs continued commitment" beyond the temporary commitment orders. On its own motion, the trial court ordered that the commitment "be extended and that he stay where he is . . . so that they can -- the dangerous evaluation needs to be made" before Appellant can be moved to a less restrictive environment.

By all accounts, Appellant is an individual with an intellectual disability, which according to experts falls into the mild or the mild-to-moderate range. Appellant has also been diagnosed as being mentally ill. Accordingly, with COVID-19 being of paramount concern at the time and with the extension of the temporary commitment order about to expire, the trial court issued an order of commitment. The order is titled "ORDER OF COMMITMENT (46B.103) INTELLECTUAL DISABILITY" and provides for Appellant to be committed to the Texas Department of Aging and Disability Services. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.103 (West 2018); *see also* TEX. HEALTH & SAFETY CODE ANN. ch. 593 (West 2017 & Supp. 2020). Appellant brings this appeal from the trial court's Article 46B.103

2

order of commitment. *See* CRIM. PROC. art. 46B.103(d)(3); HEALTH & SAFETY § 593.056.

*Analysis*

This case comes to us in a precarious position because of the mixture of portions of the Texas statutes relating to civil commitments for the mentally ill and civil commitments for the intellectually disabled. Under Texas law, mental illness and intellectual disability are distinct in nature, and the findings needed for a civil commitment are also distinct. *Compare* CRIM. PROC. art. 46B.102 (civil commitment proceedings for mental health services due to mental illness), *with* CRIM. PROC. art. 46B.103 (civil commitment proceedings for residential care due to an intellectual disability).

The confusion of relevant statues is demonstrated by Appellant's issue on appeal and by the findings and order of the trial court. Appellant presents one issue on appeal in which he challenges the sufficiency of the evidence to support the commitment order.[1] Appellant specifically asserts that the State failed to meet its burden to prove, by clear and convincing evidence, that the requirements of Section 574.035 had been met. *See* HEALTH & SAFETY § 574.035. The findings made by the trial court track the language of Section 574.035(a), which applies to a commitment for mental illness. Additionally, the doctors' reports upon which the trial court relied when it issued the order of commitment contained findings regarding Appellant's mental illness. Section 574.035, however, provides the elements for a commitment for mental illness pursuant to Article 46B.102 and has no application to a commitment for intellectual disability under Article 46B.103. *See* CRIM. PROC. art. 46B.102(a)–(b) (providing that Subtitle C, Title 7, of the Health and Safety Code governs proceedings for commitment to a mental health facility

---

[1]We note that no brief was filed on behalf of Appellee, the State of Texas.

under Article 46B.102); HEALTH & SAFETY § 574.035 (a section within Subtitle C, Title 7); *see also* CRIM. PROC. art. 46B.103(b) (providing that Subtitle D, Title 7, of the Health and Safety Code governs proceedings for commitment to a residential care facility under Article 46B.103); HEALTH & SAFETY § 593.052 (a section within Subtitle D, Title 7). Because Appellant's issue and the trial court's findings relate to Section 574.035, which is not applicable to an Article 46B.103 commitment, it would be futile at this point to address them.

In its order, and consistent with the title of the order, the trial court specifically provided as follows:

> ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that the Defendant is committed to the Texas Department of Aging and Disability Services. That agency, through the local intellectual and developmental disability authority, has advised the Court that North Texas State Hospital or any State Supported Living Center [is an] appropriate residential care facility to serve Defendant; and Defendant is, hereby, committed to that facility pursuant to the provisions of Subtitle D, Title [7], HSC, and the provisions of Article 46B.103 and 46B.106CCP.

If, as the above language suggests, the trial court intended to commit Appellant, based upon his intellectual disability, to a residential care facility pursuant to Article 46B.103, the provisions of Section 593.052 of the Health and Safety Code— rather than Section 574.035 of the Health and Safety Code—should have been considered. They were not—Section 593.052 specifically provides that a person may not be committed to a residential care facility unless the person "cannot be adequately and appropriately habilitated in an available, less restrictive setting." HEALTH & SAFETY § 593.052(a)(3). The trial court's statement that further "evaluation needs to be made" before Appellant can be moved to a less restrictive environment evidences its lack of consideration of Section 593.052, and other

4

findings made by the trial court show that it, instead, considered the elements of Section 574.035.

We note that, in order to commit an intellectually disabled person under Article 46B.103, each of the elements set forth in Section 593.052(a) must be proven beyond a reasonable doubt. *In re A.W.*, 443 S.W.3d 405, 414 (Tex. App.—Eastland 2014, no pet.); *Pratt v. State*, 907 S.W.2d 38, 45 (Tex. App.—Dallas 1995, writ denied); *see also* HEALTH & SAFETY § 593.050(e). Pursuant to Section 593.052, a person may not be committed to a residential care facility unless:

> (1) the proposed resident is a person with an intellectual disability;
>
> (2) evidence is presented showing that because of the proposed resident's intellectual disability, the proposed resident:
>
> > (A) represents a substantial risk of physical impairment or injury to the proposed resident or others; or
> >
> > (B) is unable to provide for and is not providing for the proposed resident's most basic personal physical needs;
>
> (3) the proposed resident cannot be adequately and appropriately habilitated in an available, less restrictive setting; and
>
> (4) the residential care facility provides habilitative services, care, training, and treatment appropriate to the proposed resident's needs.

HEALTH & SAFETY § 593.052(a).

In the case before us, all parties agree that Appellant is a person with an intellectual disability. Additionally, in the doctors' reports that were judicially noticed by the trial court, Appellant is described as being mentally ill. Because of the statutory distinctions between mental illness and intellectual disability and because of the respective, distinct requirements for a civil commitment, we are unable to determine whether the trial court intended to issue an order based upon

Appellant's intellectual disability or his mental illness and, thus, are unable to affirm the order of the trial court. We are of the opinion that a remand is necessary in the interest of justice, *see* TEX. R. APP. P. 43.3(b), so that the trial court may reconsider the commitment issue under either (1) Article 46B.102 of the Code of Criminal Procedure and Title 7, Subtitle C of the Health and Safety Code, which includes Section 574.035, or (2) Article 46B.103 of the Code of Criminal Procedure and Title 7, Subtitle D of the Health and Safety Code, which includes Section 593.052.

*This Court's Ruling*

Accordingly, we vacate the order of commitment issued by the trial court, and we remand the cause to the trial court to reconsider the issue of Appellant's continued commitment. Appellant shall either remain in the facility where he is currently committed or be remanded to and remain in the custody of the appropriate Brown County law enforcement agency until the trial court has clarified its intention and issued a new order relating to commitment.

JOHN M. BAILEY
CHIEF JUSTICE

September 9, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6